■ CLEMENT KLOBUKOWSKI, Respondent, v. BENEVOLENT AND PROTECTIVE ORDER OF ELKS, AMSTERDAM LODGE No. 101, et al., Appellants.— MEMORANDUM BY THE COURT. Appeal by the defendants from a judgment of the Supreme Court, Montgomery County, entered February 9, 1968 after a jury trial, and from an order of the said court entered February 7, 1968 denying their motion to set aside the jury verdict in favor of plaintiff. This action was pleaded and tried on the theory of common-law negligence. The respondent while in the status of a business invitee upon the appellants' premises was injured when some flooring upon which he was standing gave way. Insofar as the appellants contend that the court erred in failing to charge as to notice of a defect on the part of the appellants, we note that they made no such request to charge, nor took any exception upon that ground. The court in its charge made reference to a duty of the appellants to provide the respondent (a delivery man) with a "safe place to work" and the right of the respondent to assume that the premises were safe. The first place this occurred was when the court prior to charging on the law summarized the *contentions* of the respondent. The next place it occurred was near the end of the charge when the court said: "He [respondent] had a right to assume, under the law, that he would be afforded a safe place to work. A place that would not injure him. He had a right to assume that. The law imposes that upon them." The counsel for the appellants objected to that portion of the charge wherein "you stated that a duty was owed to the plaintiff by the defendant, to provide him with a safe place to work". A reading of the charge in its entirety and the portion thereof referred to by the appellants does not show any charge by the court that would have permitted the jury to find an absolute responsibility on the part of the appellants to provide a floor which would not collapse. The Labor Law was not applicable to this action and the court in its charge did not refer to it. The charge when taken in context applied the theory of common-law negligence and there is no prejudice as to the rights of the defendants. Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum by the court.